## XENES vs. TAQUINO & AL.

Drunkenness is a mental not a physical defect, and is not a ground of redhibition.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This is an action of redhibition to annul the sale of a slave, and recover back part of the price paid for her, and to be exonerated from the payment of the balance due. The

general issue was pleaded in the court of Eastern Dist.
April 1829.

XENES
vs.
TAQUINO
& AL. the first instance, and the defendant's vendor cited in warranty. The cause was submitted to a jury who found for the plaintiff. Judgment was rendered on this verdict against the defendant, and in his favor against Shiff, from whom he had purchased. From this judgment both the defendant, and the party called in warranty, have appealed.

The vice, to which the slave is charged in the petition to be subject, is habitual drunkenness. The evidence establishes satisfactorily the allegation. The only question therefore presented for our decision, is, whether the defect be such a one as authorizes the purchaser of a slave to it, to have the sale rescinded.

The purchase was made since the enactment of the late amendments to our code, and must be governed by them.

The 2496th article of that work defines redhibition to be, "the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed the buyer would not have purchased it, had he known of the vice."

Eastern Dist.
*April* 1829.

XENES
*vs.*
TAQUINO
& AL.

The **2500**th article divides the defects of slaves into two classes, vices of body, and vices of character.

In the **2502**d, some of the vices of body are defined, and others are stated to be contained in the **2496**th article, which we have already cited.

But with regard to those of character, the next article expressly declares, that they *are confined* to cases where the slave has committed a capital crime, where he is convicted of theft, and where he is in the habit of running away. No reference is made, as in the article relating to their bodily defects, to the previous provision which makes any disease a cause of redhibition, which renders the services of the slave so difficult and interrupted, that it is presumed the buyer would not have purchased had he been aware of them.

And that the failure to make the reference did not proceed from inattention is manifest by the **2506**th article, which succeeds that just noticed, wherein the defects in other animals are extended to the cases supposed in the **2496**th.

So that the cause turns on the enquiry, is

drunkenness a vice of body, or of character?
Is it mental, or physical?

We think it must be classed among the vices which our code denominates those of character. It has of late, we believe, been made a question by physiologists whether the disposition to an immoderate use of ardent spirits, did not arise as much from physical temperament as from moral weakness. In cases of long indulgence in the habit, it is quite probable the body may require a continuance of the stimulus, and that the desire for the use of it, may spring as much from physical lassitude, as from moral depravity. But on this subject the court has a safer guide than the conflicting opinions of medical men. By the ancient jurisprudence of the country, the vice of drunkenness was considered one of the mind. And the terms used in our legislation must be understood in the sense in which they were used in that jurisprudence, unless another meaning be expressly given to them by legislative authority. We conclude then that the allegation made in the petition does not furnish ground for setting aside the sale.

It has been contended, that there was fraud

Eastern Dist.
April 1829.

XENES
vs.
TAQUINO
& AL.

in the defendant concealing from the plaintiff the defect to which the slave was addicted.— But unless the vice was one which furnished ground for redhibition, there was no fraud in concealing it—or, in other words, there was no obligation in the seller to communicate it to the buyer.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; that there be judgment for the defendant, and for the interpleader, with costs in both courts.

*Carleton & Lockett* for defendants—*Canon* for plaintiff.